# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JM ADJUSTMENT SERVICES, LLC,
JIDUBEEBS, LLC, 44600 DELCO, LLC,
18 MILE PROPERTIES, LLC, KATFISH,
L.L.C., NAJAH MANNI, KATHY
MANNI; JUSTIN MANNI,
and STACEY ALEXANDER,

           Plaintiffs,

v.

J.P. MORGAN CHASE BANK, N.A.,

           Defendant.

Case No. 2:16-cv-10630-SFC-RSW

Hon. Sean F. Cox

**STIPULATED PROTECTIVE
ORDER**

---

| | |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN, LLP<br>Carl M. Levin (P16599)<br>Khalilah V. Spencer (P63933)<br>Attorneys for Plaintiffs<br>2290 First National Building<br>Detroit, MI 48226<br>(313) 465-7654 | DICKINSON WRIGHT PLLC<br>Thomas G. McNeill (P36895)<br>Aaron V. Burrell (P73708)<br>Attorneys for Defendant<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3500 |
| SCHLAM STONE & DOLAN LLP<br>Attorneys for Plaintiffs<br>26 Broadway<br>New York, NY 10004<br>(212) 344-5400 | WILMER CUTLER PICKERING HALE & DORR LLP<br>Attorneys for Defendant<br>Noah A. Levine<br>Alan E. Schoenfeld<br>Michelle N. Diamond<br>250 Greenwich Street<br>New York, NY 10017<br>(212) 230-8800 |

---

Upon stipulation of the undersigned parties (collectively the "Parties"), and the Court having found that there is good cause to enter an appropriate Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information and materials that may be made available in the course of discovery in this action,

IT IS HEREBY ORDERED as follows:

**1. Scope.** This Protective Order shall govern the handling of all documents, depositions, deposition exhibits, interrogatory responses, affidavits and any attached exhibits thereto, or other information produced, given, or exchanged by and among the Parties and any other parties or non-parties to this litigation (collectively, the "Discovery Material"). This Protective Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom disclosure of Discovery Materials under this Protective Order is made. The term "document" or "documents" shall have the broadest meaning possible, and includes those materials subject to discovery.

**2. No Use for Other Purposes.** All Discovery Material, and all information contained therein, shall be used only for the purpose of conducting this litigation, including any appellate proceedings, and not for any other purpose.

**3. Producing Person and Receiving Person.** Any person or entity who generated (in whole or in part), or provided information contained in any Discovery

Material, shall be referred to herein as a "Producing Person." Any person or entity who receives any Discovery Material shall be referred to herein as a "Receiving Person."

    **4. Confidentiality Designations.** There are two confidentiality designations: (a) CONFIDENTIAL and (b) ATTORNEY'S EYES ONLY. Each Producing Person shall exercise good faith in choosing what, if any, materials to designate as CONFIDENTIAL and ATTORNEY'S EYES ONLY, and such designation shall not be made to impose burden or delay on an opposing party, or for tactical or other improper advantage.

    (a) CONFIDENTIAL – The Producing Person may designate the following Discovery Material as CONFIDENTIAL: sensitive, confidential, or proprietary technical, business, or financial information which gains value from not being generally known or the disclosure of which would harm the business or reputation of the Producing Person, or other information that the Producing Person reasonably believes is confidential or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c).

    (b) ATTORNEY'S EYES ONLY – The Producing Person may designate the following Discovery Material as ATTORNEY'S EYES ONLY: sensitive, confidential, or proprietary technical, business, or financial information that the Producing Person reasonably believes will result in a

serious risk of monetary or non-monetary injury, or breach of security or consumer privacy. Examples of such Discovery Materials are trade secrets, highly confidential business information, and proprietary personnel information.

**5. Procedure for Designation.** A Producing Person may designate material as CONFIDENTIAL or ATTORNEY'S EYES ONLY in the following ways:

(a)   A Producing Person may designate the document as CONFIDENTIAL or ATTORNEY'S EYES ONLY by including the words CONFIDENTIAL or ATTORNEY'S EYES ONLY on each page containing any CONFIDENTIAL or ATTORNEY'S EYES ONLY information, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated material. Notwithstanding the foregoing, a failure to designate a document as CONFIDENTIAL or ATTORNEY'S EYES ONLY by itself does not constitute a waiver of such a claim. A Producing Person may designate specific pages previously provided as CONFIDENTIAL or ATTORNEY'S EYES ONLY by providing written notice of the designation and delivering replacement pages properly identified;

(b) Any copies or reproductions, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise

reveal the substance of (other than in non-confidential general terms) material designated CONFIDENTIAL or ATTORNEY'S EYES ONLY shall also be treated by the Receiving Party as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order.

(c) In the case of depositions or other testimony (including exhibits), designation shall be made by: (i) a statement on the record by counsel for the Producing Person at the time the testimony is provided; or (ii) written notice sent by counsel for the Producing Person to all Parties within 7 days of receiving a copy of the transcript of such testimony. During those 7 days, the transcript shall be considered ATTORNEY'S EYES ONLY. To the extent designations are made in less than 7 days, those designations shall apply.

(d) Any Party or non-party may designate as CONFIDENTIAL or ATTORNEY'S EYES ONLY material produced by a non-party if there is a good-faith basis for believing that the non-party has an obligation to maintain such material as confidential, by providing written notice to all parties of the relevant Bates numbers or other identification within 15 days after receiving such material.

**6. Persons Entitled to Access CONFIDENTIAL Discovery Material.** The following persons are entitled to access CONFIDENTIAL Discovery Material:

23135394.1

(a) In-house and outside counsel for the Parties in this litigation, and regular and temporary employees and contractors of such counsel necessary to assist in the conduct of the litigation;

(b) Any mediator selected by the parties to this litigation or the Court to mediate this litigation;

(c) Experts or consultants by signing and agreeing to the terms of an undertaking in the form attached hereto as Exhibit A (and their support staff) retained by the Parties or the Parties' counsel solely for the purpose of assisting in prosecuting or defending the litigation. Discovery Material may be provided to (and used by) such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation.

(d) Potential, anticipated, or actual fact witnesses or deponents (other than witnesses and deponents covered by (e), below) and their counsel. Counsel for the party who provides CONFIDENTIAL Discovery Material to such witnesses or deponents shall obtain from them signed copies of Exhibit A, and said witnesses or deponents shall not retain any copies of any CONFIDENTIAL Discovery Material. In the event a witness refuses to sign a copy of Exhibit A, he or she may be shown CONFIDENTIAL Discovery

23135394.1

Material only at a deposition after, on the record of the deposition, stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this litigation, you may not disclose in any manner any confidential matter to any person or entity except in strict compliance with the provisions of this Order. If you violate this Order, you may be subject to sanctions and punishment by the Court";

(e) The Parties and the officers, directors, shareholders, and present and former employees of the Parties, or any subsidiary or affiliate thereof, who are assisting the Parties in this litigation, or who appear as witnesses or deponents; and

(f) Any other person upon order of the Court or upon stipulation of the Producing Person.

**7. Persons Entitled to Access ATTORNEY'S EYES ONLY Discovery Material.** The following persons are entitled to access ATTORNEY'S EYES ONLY Discovery Material:

(a) Attorneys for the Parties in this action that have entered an appearance in this case and who are thus bound by this Stipulated Protective Order, and their assistants, associates, paralegals, clerks, and stenographic personnel assigned to and necessary to assist such counsel in the preparation or trial of this action;

23135394.1

(b) In-house counsel for Defendant, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the defense of this litigation;

(c) Any mediator selected by the parties to this litigation or the Court to mediate this litigation;

(d) Experts or consultants by signing and agreeing to the terms of an undertaking in the form attached hereto as Exhibit A (and their support staff) retained by the Parties or the Parties' counsel solely for the purpose of assisting in prosecuting or defending the litigation. Discovery Material may be provided to (and used by) such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation.

(e) Any person who appears as an author, addressee, or recipient on the face of the document; and

(f) Any other person upon order of the Court or upon stipulation of the Producing Person.

**8. Court Filings.** This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A Party seeking to file under seal any paper or other matter in any civil

23135394.1

case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. No Party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

Whenever a motion or stipulation to seal is filed, the Party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

Unless they follow the procedure above, the Parties may not file CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material. A party may disclose Discovery Material that has been designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY to the Court, its personnel, and stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

**9. Procedure for Designation Disputes.** The intent of this Order is to provide a mechanism by which the Parties may protect their business confidences and proprietary information during the discovery process. Entry of this Order by the

Court does not constitute a decision that any information provided during discovery is in fact confidential or proprietary. To the extent any dispute arises over whether information is in fact confidential or proprietary, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the Parties cannot informally resolve the dispute, the party or person objecting to the designation of Discovery Material as CONFIDENTIAL or ATTORNEY'S EYES ONLY may by motion apply to the Court for a ruling that the Discovery Material should not be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY. The burden of proving the confidential or proprietary nature of the information shall be borne by the party asserting confidentiality. While such a motion is pending and until a Court enters an order granting such a motion, the designated CONFIDENTIAL or ATTORNEY'S EYES ONLY materials at issue shall continue to be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY in accordance with the terms of this Protective Order.

**10. No Unauthorized Disclosure.** No Receiving Person or other person or entity having access to any CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material shall reveal such CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material, or the information contained therein, to anyone not entitled to receive such CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material under the terms of this Protective Order. If a Party or non-party or any of its representatives, including counsel, inadvertently discloses any

23135394.1

CONFIDENTIAL or ATTORNEY'S EYES ONLY matter to persons or counsel who are not authorized to use or possess such matter, the Party or non-party shall (a) provide immediate written notice of the disclosure to the Producing Party, and, if different, to the designating Party and the party whose matter was inadvertently disclosed; (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons sign a copy of Exhibit A to this Order.   If a Party or non-party or any of its representatives, including counsel, has actual knowledge that CONFIDENTIAL or ATTORNEY'S EYES ONLY matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the Party or non-party or its representative shall provide immediate written notice of the unauthorized use or possession to the Party or non-party whose matter is being used or possessed.

**11. Producing Person's Right to Use Material.** Nothing in this Protective Order shall prevent a Producing Person from using its own CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material for any purpose.

**12. Receiving Person and Unrelated Discovery or Subpoenas.** If any Receiving Person: (a) is subpoenaed in another action; (b) is served with a demand in another action to which they are a party; or (c) is served with any other legal

23135394.1

process by one not a party to this litigation, seeking CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material that was produced in the action by someone other than the Receiving Person, the Receiving Person shall give actual written notice, by hand, facsimile or electronic transmission, within five (5) business days of receipt of such subpoena, demand, or legal process to the Producing Person, unless otherwise prohibited by law. Furthermore, the Receiving Person must notify, within five (5) business days of receipt of such the subpoena, the issuing party that responsive documents are subject to this Stipulated Protective Order. Unless it would subject the Receiving Person to penalties, sanctions or contempt of court, the Receiving Person shall refrain from producing CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material until: (a) notice of the subpoena, demand, or legal process has been provided to the Producing Person; (b) the Producing Person has had a reasonable opportunity to seek a court order precluding production, which in no event shall be less than ten (10) business days after the Producing Person's receipt of the notice required by (a) above; and (c) any motion filed by the Producing Person seeking such an order has been resolved by the court. The Producing Person shall be solely responsible for asserting any objection to the requested production. Unless the Producing Person obtains an order from a court of competent jurisdiction precluding production, the Receiving Person shall be entitled to comply with its obligations under such subpoena, demand, or legal process. Nothing contained

herein shall be construed as requiring the Receiving Person to challenge or appeal any order requiring production of CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material, or subject themselves to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**13. No Waiver of Privilege Through Inadvertent Production.** The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or ground for withholding production, and no Producing Person shall be held to have waived any rights solely by such inadvertent production. Nothing shall be deemed to waive, limit, or expand the categories of documents prohibited from disclosure pursuant to federal law, including but not limited to 31 U.S.C. § 5318(g)(2)(A)(i) and 31 C.F.R. § 1020.320(e).

In case of any such inadvertent production, the Producing Party must, upon discovery of the inadvertent production, promptly notify in writing all parties to the litigation in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter.

Page 13 of 21

23135394.1

Upon such notification, the Parties shall treat the matter as privileged or protected unless and until the Parties agree otherwise or the Court determines that the matter is not privileged or protected. Within ten (10) days of receiving such notification, all Receiving Parties shall: (a) return the matter to the Producing Party; (b) confirm in writing to the Producing Party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal matter claimed to be privileged or protected; or (c) notify the Producing Party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the Receiving Party or Parties may retain one copy of the matter asserted to be privileged or protected for the sole purpose of responding to a motion by the Producing Party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate, or reveal matter claimed to be privileged or protected. Should the Parties be unable to agree on whether the matter is privileged or protected, the Producing Party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain a court order directing the return of any copy of such matter still held by the Receiving Party.

23135394.1

**14. No Admissions or Prejudice to Other Rights.** Producing or receiving CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material, or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by a Receiving Person that any particular CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material contains or reflects confidential information;

(b) operate as an admission by any Party or non-party that any Discovery Material is not CONFIDENTIAL or ATTORNEY'S EYES ONLY;

(c) operate as an admission by any party that any Discovery Material is, or is not, relevant or admissible at any trial in this litigation;

(d) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material;

(e) prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Protective Order;

(f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information; and

(g) prevent the Parties from agreeing to alter or waive the provisions in this Protective Order in general or with respect to any particular Discovery Material.

**15. Return or Destruction of Confidential Discovery Material.** Within 45 days after receiving notice of the entry of an order, judgment, decree or appellate mandate finally disposing of all litigation (including appeals) in which CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons having received CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Person, or destroy all such CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material. Notwithstanding the foregoing, outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product, provided that such outside counsel (and employees of such outside counsel) shall not disclose any materials so retained except pursuant to Court order or agreement with the party that produced the Confidential Discovery Material. All materials returned

to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

**16. Trial or Hearing.** The Parties will cooperate to attempt to reach agreements, subject to the approval of the Court, regarding the use of CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material at any trial or hearing that is open to the public.

**17. Duration of Protective Order.** The provisions of this Protective Order shall, absent written permission of the Producing Person or further order of the Court, continue to be binding throughout and after the conclusion of this litigation. The Court shall retain jurisdiction to enforce the terms of this Protective Order.

**SIGNATURES ON THE FOLLOWING PAGE**

23135394.1

**Honigman Miller Schwartz and Cohn LLP**

By:  /s/ Khalilah V. Spencer
    Carl M. Levin (P16599)
    Khalilah V. Spencer (P63933)
    Mitra Jafary-Hariri (P74460)
    2290 First National Building
    Detroit, MI   48226
    (313) 465-7000
-and-

**Schlam Stone & Dolan LLP**
    26 Broadway
    New York, NY 10004
    (212) 344-5400

*Attorneys for Plaintiffs JM Adjustment Services, LLC, Jidubeebs, LLC, 44600 DELCO, LLC, 18 Mile Properties, LLC, Katfish, L.L.C., Najah Manni, Kathy Manni, Justin Manni, and Stacey Alexander*

**Wilmer Cutler Pickering Hale & Dorr LLP**

By:  /s/ Alan E. Schoenfeld
    Noah A. Levine
    Alan E. Schoenfeld
    Michelle N. Diamond
    250 Greenwich Street
    New York, NY 10017
    (212) 230-8800
-and-

**Dickinson Wright, PLLC**
Thomas G. McNeill (P36895)
Aaron V. Burrell (P73708)
500 Woodward Avenue
Suite 4000
Detroit, MI   48226

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*


      **IT IS SO ORDERED.**


Dated:   December 1, 2016

        s/ Sean F. Cox
        Sean F. Cox
        U. S. District Judge

23135394.1

# EXHIBIT A

## CONSENT TO BE BOUND BY PROTECTIVE ORDER

23135394.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JM ADJUSTMENT SERVICES, LLC,
JIDUBEEBS, LLC, 44600 DELCO, LLC,
18 MILE PROPERTIES, LLC, KATFISH,
L.L.C., NAJAH MANNI, KATHY
MANNI; JUSTIN MANNI,                              Case No. 2:16-cv-10630-SFC-RSW
and STACEY ALEXANDER,

                Plaintiffs,            Hon. Sean F. Cox

v.                                               **STIPULATED PROTECTIVE**
                                                 **ORDER**

J.P. MORGAN CHASE BANK, N.A.,

                Defendant.

---

## <u>CONSENT TO BE BOUND BY PROTECTIVE ORDER</u>

I hereby declare under penalty of perjury:

(1) my understanding that CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material is being provided to me under the terms and restrictions of the Protective Order entered by the Court;

(2) that I have had the opportunity to read the Stipulated Protective Order entered on _____; and

(3) that I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Michigan in the above matter for purposes of enforcement of the Protective Order. I

23135394.1

understand that a violation of the Protective Order is punishable as a contempt of

Court, and may subject me to civil liability.

Dated: _____

Signature: _____

Printed: _____

23135394.1